IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT AND RENAE BAFUS, as a Married Couple, and as Individuals and Members and Representative of the Class of Similarly Situated Persons, CURTIS AND GWENDOLYN BLOUGH, as a Married Couple, and as Individuals and Members and Representatives of the Class of Similarly Situated Persons; GARY AND SHAWNA YASUDA, as a Married Couple and as Individuals and Members and Representatives of the Class of Similarly Situated Persons, and DAVID AND EMILY MERRITHEW, as a Married Couple, and as Individuals and as Members and Representatives of the Class of Similarly Situated Persons,<br><br>          Plaintiffs,<br><br>     v.<br><br>ASPEN REALTY, INC., dba Coldwell Banker Aspen Realty, HOLLAND REALTY, INC. AND PARK POINTE REALTY, INC., d/b/a JOHN L. SCOTT REAL ESTATE, SEL-EQUITY COMPANY d/b/a SEL-EQUITY REAL ESTATE and SEL-EQUITY REALTY, and JOHN AND JANE DOES 1 - 50,<br><br>          Defendants.<br>_____<br>CURTIS AND GWENDOLYN, BLOUGH, | Case No. CV-04-121-C-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**Memorandum Decision and Order - 1**

|  |  |  |
|---|---|---|
| Plaintiffs, | ) | Case No. CV-06-059-S-BLW |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| HOLLAND REALTY, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |
|  | ) |  |
| GARY AND SHAWNA YASUDA, | ) |  |
|  | ) | Case No. CV-06-060-S-BLW |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SEL-EQUITY, CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |
| MERRITHEW/HOWELL, | ) |  |
|  | ) | Case No. CV-06-061-S-BLW |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| PARK POINTE REALTY, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

## INTRODUCTION

In this Memorandum Decision and Order, the Court will refer to all

defendants in all of the above-captioned cases as Defendants, and all Plaintiffs in

**Memorandum Decision and Order - 2**

all of the above-captioned cases as Plaintiffs.  The Court will address Plaintiffs' supplemental motions to compel, which were filed in response to the Court's January 22, 2008 order.  For the reasons explained below, the Court will deny the motions.

## RELEVANT BACKGROUND

After the Court granted summary judgment in favor of Defendants on Plaintiffs' antitrust claims, the Court held a status conference with the parties to determine how to proceed with the remaining claims.  Plaintiffs indicated that they could not proceed until he Court ruled on their pending motions to compel.  The Court subsequently deemed moot the motions to compel, but offered Plaintiffs an opportunity to file a supplemental motion clarifying the relief requested.  The Court cautioned Plaintiffs not to re-argue the summary judgment decision.  Plaintiffs then filed their supplemental briefs, which are now before the Court.

## ANALYSIS

The Court invited Plaintiffs to explain why their motions to compel were not moot given the Court's decision to grant Defendants' motions for summary judgment and deny Plaintiffs' Rule 56(f) motions.  As explained in the Court's earlier decision, Defendants are entitled to summary judgment on Plaintiffs' antitrust claims based on "zero foreclosure" because Plaintiffs have no evidence

that the alleged tying practice foreclosed competition in the tied-product market. The Court denied the Rule 56(f) motions because Plaintiffs provided the Court with no basis for believing anyone would have wanted to buy the tied product.

Plaintiffs suggest that their motions to compel are not moot because Defendants' failure to produce information relating to the vast majority of subdivisions prevented Plaintiffs from adequately responding to the zero foreclosure argument. The Court rejected this very argument in its summary judgment decision. Still, Plaintiffs contend that the Court incorrectly required them to offer evidence that they, the class representatives, wanted to buy the tied product. However, the Court already recognized that Plaintiffs could pursue their claims if they could show that someone in the class wanted to buy the tied product. The real problem with Plaintiffs' argument was that they offered no evidence that anyone wanted to buy the tied product.

Additionally, citing *Garrett v. City of San Francisco*, 818 F.2d 1515 (9th Cir. 1987), Plaintiffs argue that in denying their motions to compel as moot after having granted Defendants' summary judgment motion, the Court failed to exercise its discretion with respect to the discovery motion. In *Garrett*, the Ninth Circuit determined that the information sought in the pending motion to compel was precisely the type of evidence needed to prove plaintiff's case. Accordingly,

**Memorandum Decision and Order - 4**

the Ninth Circuit determined that it was error for the trial court to have granted the defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion.

However, the Ninth Circuit specifically acknowledged that "[u]nder Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment," and that plaintiff's discovery motion satisfied that requirement by making "clear the information sought, did not seek broad additional discovery, but rather sought only the personnel records of 16 named firefighters and indicated the purpose for which this information was sought." Garrett, 818 F.2d at 1518-19.  The Ninth Circuit also noted that the plaintiff's motion to compel did not appear entirely without merit on its face, and acknowledged that a district court does not abuse its discretion in denying a plaintiff's request for additional discovery and granting summary judgment where discovery sought could not lead to relevant information as a matter of law. Id. at 1519, n.4 (Citing Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306-07 (9th Cir. 1986)).

The cases before this Court are clearly distinguishable form *Garrett*.  As the Court clearly explained in its order granting summary judgment, Plaintiffs failed to meet the Rule 56(f) standard because they failed to provide the Court with any

**Memorandum Decision and Order - 5**

basis for believing that the information sought – individuals who wanted to buy the tied product – actually existed. *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). Plaintiffs likewise failed to provide any explanation as to why any class member would have wanted to purchase the tied product from another source.  Moreover, Plaintiffs' discovery requests were exactly the type of broad additional discovery considered unpersuasive by the Ninth Circuit in *Garrett*.  Finally, even with the opportunity to further explain the relevance of their motions to compel, Plaintiffs have failed to specifically identify relevant information where there is some basis for believing that the information sought actually exists.

The Court correctly deemed Plaintiffs' motions to compel moot in light of its decision to grant Defendants motions for summary judgment and deny Plaintiffs' Rule 56(f) motions.  Accordingly, the Court will deny Plaintiff's supplemental motions to compel.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' supplemental motions to compel (Docket No. 166 in Case No. CV-04-121-S-BLW, Docket No. 90 in Case No. CV-06-59-S-BLW, Docket No. 107 in Case No. CV-06-60-S-BLW, and Docket No. 102 in Case No. 06-61-S-BLW) shall be, and the

**Memorandum Decision and Order - 6**

same are hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall set this case for a status conference. The Parties should be prepared to discuss a plan for going forward in these matters.

DATED: **March 24, 2008**

*/s/ B. Lynn Winmill*
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**